In the matter of the voluntary dissolution and liquidation of
LOCARNO BUILDING AND LOAN ASSOCIATION.

[Decided June 17th, 1940.]

*Mr. David H. Yonneff,* for the trustees.

BIGELOW, V. C.

The three trustees of the Locarno Building and Loan Association, in accordance with *R. S. 17:12-87.1; P. L. 1939, p. 439,* have presented to the court their second annual account and ask the court to approve the same and to allow them compensation for their services.

Their report shows that at their organization meeting, the trustees decided that one of them, who was a counsellor-at-law and had been the solicitor of the Association, should perform the legal services incidental to the liquidation; that the second trustee, who was formerly secretary of the Association, should perform the duties of a clerical and accounting nature; and that the third trustee, who was a real estate broker and had been real estate manager of the Association, should take charge of real estate matters. This arrangement has been carried out, and I see no objection to it. But the trustees, as appears from their account, have made certain payments to themselves without leave of the court, for services performed in accordance with their division of labor. The real estate trustee has taken $30 a month or $360 for the year, and, in addition, has written insurance on the trust estate for which he has received premiums of $344. The secretarial trustee has taken $240, and the lawyer has been paid $273.50 for legal services on the sale of sundry parcels of land.

510

The trustees ask further compensation of $1,050. The assets in their hands amount to $40,407, mostly real estate. No dividends have been paid shareholders.

The trustees of a building and loan association in liquidation are trustees and are not directors of a corporation. Their relation to the trust fund is governed by the law of trusts and not by the law of corporations.

By the common law rule, a trustee is supposed to give his services gratis and is not entitled to compensation. *Warbass* v. *Armstrong, 10 N. J. Eq. 263.* Nowadays, either by the terms of the trust agreement, or by statute, compensation is usually given him.. But unless it be so specified by the agreement, or by statute, a trustee cannot legally fix the amount of his own allowance or pay himself out of the trust estate until so directed by the court. The statute governing the liquidation of building and loan associations expressly provides that the Court of Chancery shall allow reasonable compensation to the trustees for their services. *R. S. 17:12-88.* It was entirely improper for the trustees to pay themselves as they did. If the trustees had not done so, I would probably allow them about ten per cent. of the gross income collected, $368, plus one and one-half per cent. of the average book value of assets on hand in the accounting period, $808, or in all $1,176. That allowance would have covered all special services rendered. The account will be approved but, since the trustees have paid themselves without authority, their application for an allowance will be denied.

In justice to the trustees, I add that they have carefully administered their estate and that they intended no wrongdoing in the matter above discussed.